FILED
2011 Jan-28 AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

BRITT GODSEY, ]
]
Plaintiff, ]
]
vs. ] 7:11-CV-00185-LSC
]
W.E. PEGUES, INC., *et al.*, ]
]
Defendants. ]

MEMORANDUM OF OPINION

I. Introduction.

Pending is Plantiff Godsey's motion to remand (Doc. 2) filed January 19, 2011, the same day as Defendants' notice of removal. (Doc. 1.) On December 3, 2009, Godsey filed suit against W.E. Pegues, Inc., Greg Pegues, Ed Pegues, Lamar County Health Department, and various unnamed employees of the Department. Godsey contends that Defendants bear responsibility for the alleged unlawful exhumation of Godsey's son, Dillon Godsey. Defendants removed their case to this court on January 8, 2010, asserting that Godsey based diversity jurisdiction on fraudulent joinder. *Godsey v. W.E. Pegues, Inc., et al.*, 7:10-CV-0043. This Court disagreed and

remanded the case. (Doc. 17 in *Godsey v. W.E. Pegues, Inc.*, *et al.*, No. 10-43, slip op. (N.D. Ala. April 30, 2010)).

Defendants now seek to remove the case again, citing diversity of citizenship under 28 U.S.C. § 1332(a). As removed, the case sits as an action between Godsey, an Alabama resident, and W.E. Pegues, Inc., Greg Pegues, Ed Pegues, and Sammy Lansdell (Defendants), all Mississippi residents. Defendants assert that the state court's grant of summary judgment in favor of the non-diverse defendants suggests fraudulent joinder and allows removal outside of 28 U.S.C. § 1446(b)'s one year limit on removal of diversity cases. The issues raised in Godsey's motion have been fully briefed. After considering the presented evidence and legal arguments, this Court finds that removal was improper and remands this case to the Circuit Court of Lamar County, Alabama.

## II. Background[1]

This Court previously termed the underlying facts "macabre." *Godsey v. W.E. Pegues, Inc.*, *et al.*, No. 10-43, slip op. at 2 (N.D. Ala. April 30,

[1]The facts are taken from the parties' pleadings and this Court's memorandum opinion (Doc. 17 in *Godsey v. W.E. Pegues, Inc.*, *et al.*, No. 10-43, slip op. (N.D. Ala. April 30, 2010)).

2010). They remain so. Plaintiff's child, Dillon Godsey, died in 2008. His family laid him to rest in the Webb Cemetery in Lamar County, Alabama. Plaintiff's ex-wife approached Defendants about disinterring the child; Plaintiff did not consent. Defendants consulted with the Lamar County Health Department. On November 9, 2009, the boy's grandparents noticed a truck and backhoe near Dillon's grave and investigated, finding Defendant Lansdell at the truck. The grandfather asked Lansdell for a court order and went to tell the backhoe's operator to cease working. The backhoe operator informed the grandfather that they had already disinterred Dillon and placed his body in the truck. Lansdell meanwhile exited the cemetery—slinging gravel—and received a ticket shortly thereafter.

Plaintiff Godsey, filed suit in state court on December 3, 2009, seeking damages. Defendants removed this action January 8, 2010, arguing that this Court should disregard the citizenship of the Lamar County Health Department and its two employees, Diane Holmes and Debbie Knight—also Alabama residents. This Court disagreed: "a cause of action lies against Alabama defendants, thus destroying diversity." *Godsey v. W.E. Pegues,*

*Inc.*, *et al.*, No. 10-43, slip op., at 13 (N.D. Ala. April 30, 2010). No fraudulent joinder existed.

After remand, the Circuit Court of Lamar County dismissed the Lamar County Health Department, leaving Holmes and Knight as the non-diverse defendants. Plaintiff Godsey added a defendant—Sammy Lansdell, a Mississippi resident and the general manager of W.E. Pegues, Inc. Godsey deposed Holmes and Knight, the non-diverse defendants. Holmes and Knight then moved for summary judgment on December 7, 2010. Godsey filed a twenty-one page response detailing facts shown by discovery, explaining his position not to contest Holmes and Knight's motion, and reasoning that discovery had shown that they followed applicable Health Department rules. (Doc. 4-5.) The state court entered summary judgment on January 11, 2011. Though the state court set trial in the case for February 7, 2011, Defendants filed their notice of removal in this Court on January 19, 2011. (Doc. 1.)

III. Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian*

*Life ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts construe removal statutes narrowly, resolving uncertainty by remanding. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

IV. Analysis.

Defendants support their January 19, 2011 removal with the following language from 28 U.S.C. § 1446(b): "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant [of an order] from which it may first be ascertained that the case is one which is or has become removable. . ." The state court's January 11, 2011 summary judgment order created diversity. Neither party disputes that this action—as currently captioned—pits diverse parties against each other, fulfilling Section 1332. 28 U.S.C. § 1332(a).

But Section 1446(b) prescribes a one year outside limitation on removing a case based on diversity: "[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Godsey commenced this action in the Circuit Court of Lamar County, Alabama, on

December 3, 2009; Defendants removed this case based on diversity on January 19, 2011. More than a year has passed.

Defendants nonetheless contend that "the one-year limitation on removal in diversity cases is not absolute. Rather it is merely procedural and subject to equitable exceptions . . . ." (Doc. 1 at 6.)

"The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997). As a procedural defect, a plaintiff can waive untimely removal by failing, for example, to file a motion to remand within the thirty day allotted period. *See* 28 U.S.C. § 1447(c). Yet, the Supreme Court remains unequivocal: "No case, however, may be removed based on diversity "more than 1 year after commencement of the action.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). Congress also expressed clear intent: "Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. . . . Removal late in the proceedings may result in

substantial delay and disruption." H.R.Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33.

This case has made substantial progress in state court. Discovery has ended; parties have moved for summary judgment; the state court has granted summary judgment in favor of those parties; and, most importantly, the state court set a trial date less than two weeks from this Opinion's date.

Nevertheless, as a procedural requirement, the one year ban subjects itself "to waiver, estoppel, and equitable tolling." *See Stafford v. Muscogee Cnty. Bd. of Educ.*, 688 F.2d 1383, 1387 (11th Cir. 1982). But, of course, "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Defendants contend that this case warrants less than strict adherence. (Doc. 10 at 3-4.)

To support equity mitigating the one year ban, Defendants suggest that "it appears clear Ms. Knight and Ms. Holmes were fraudulently joined and maintained as defendants in this action. . . ." (Doc. 10 at 6.) This is the same reasoning that Defendants used in their previous removal to

establish jurisdiction—and could have used at any intervening point—except they now employ it to circumvent a deadline. *Godsey v. W.E. Pegues, Inc., et al.*, No. 10-43, slip op., at 13 (N.D. Ala. April 30, 2010). Defendants cite *Hardy v. Ajax Magnathermic Corporation* as "virtually identical" to the present case. 122 F. Supp. 2d 757 (W.D. Ky. 2000); (Doc. 1 at 10.) In *Hardy*, the district court allowed removal years after the action's commencement. The district court held that "the one-year limitation does not bar removal in this case if Plaintiffs fraudulently joined the nondiverse defendant." *Hardy*, 122 F. Supp. 2d at 759. The court reasoned that fraudulent joinder existed because plaintiffs took almost no discovery in four years against the non-diverse defendant and had "no facts to have any reasonable basis for a claim against [the non-diverse defendant]." *Id.* at 761.

Far from "virtually identical," *Hardy* depicts why Defendants may not remove this case. First, the *Hardy* court, sitting in the Western District of Kentucky, adopted a Ninth Circuit Court of Appeals decision as its holding. *Hardy*, 122 F. Supp. 2d at 759. The Eleventh Circuit, however, does not follow that holding. Second, the *Hardy* court based its decision on

fraudulent joinder. But this Court ruled that Godsey did not fraudulently join Holmes and Knight. *Godsey v. W.E. Pegues, Inc.*, *et al.*, No. 10-43, slip op. (N.D. Ala. April 30, 2010). Nothing has changed. As Defendants' own cited authority states: "After sifting through the facts, however, it sometimes becomes apparent that the facts or law are not in [plaintiff's] favor. This does not, however, mean that the plaintiff necessarily fraudulently joined the dismissed party." *Hardy*, 122 F.Supp. 2d at 760. Godsey deposed Holmes and Knight. They each testified to having done their jobs when Lansdell filed a Notice of Disinternment—ensuring completion of the notice, signing it, and retaining a copy. (Doc. 3 at 9.) Lansdell's testimony continues to differ: he claims Holmes told him that he did not need a court order to disinter Dillon Godsey. (Doc. 3 at 8.) But Godsey decided that Lansdell's testimony provided an insufficient basis to pursue claims of wantonness against Holmes and Knight. Godsey apprised the state court of this in a twenty-one page response to Holmes and Knight's motion for summary judgment. Godsey decided not to pursue claims against Holmes and Knight after deposing each of them. His decision does not suggest that his original claims were fraudulent.

Defendants, in sum, provide no basis to disregard the statutory mandate of Section 1446(b). Remand is thus appropriate.

V. Conclusion.

For the stated reasons, this Court grants Plaintiff's motion to remand. (Doc. 2.) This matter will be remanded to the Circuit Court of Lamar County, Alabama. The Court will enter a separate order consistent with this Opinion.

Done this 28th day of January 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
159890